IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES ROGER HARRIS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 04-00713-CV-W-NKL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Pending before the Court is Charles Roger Harris's ("Harris") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies Harris's Motion.

**I.     Background**

In May 1997, the Grand Jury issued a nine-count indictment against Harris for his role in a series of bank robberies. In June 1997, Harris pleaded guilty to three counts of the Indictment.

At the sentencing hearing in January 1998, the Court imposed a five-level sentencing enhancement pursuant to the federal sentencing guidelines because Harris used a firearm during the commission of the crimes. The Court assessed Harris's total offense level as a 26 under the guidelines. The Court sentenced Harris to 78 months of imprisonment on two of the counts and those sentences were to run concurrently. The Court sentenced Harris to 60 months of imprisonment on the third count and that sentence

1

was to run consecutively to the previously-imposed sentence. Harris's total term of imprisonment was 138 months.

Harris challenges the five point sentencing enhancement because the facts underlying the enhancement were neither found by a jury nor were they admitted by Harris as part of his plea. Harris alleges that the enhancement violates the recently-announced rule of *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

## II. Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *Payne v. United States*, 78 F.3d 343 (8th Cir. 1996) (citations omitted). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Harris's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III. Discussion

In his pending Motion, Harris asserts that the United States Supreme Court's opinion in *Blakely* invalidates the Court's five level sentencing enhancement based on his use of a firearm during the robberies. Harris alleges that the underlying factual allegations regarding his sentencing enhancement were not found by a jury or admitted by

2

Harris and, as a result, the Court should not have enhanced his sentence by five points.

Harris's *Blakely* challenge raises two questions for the Court: (1) Does *Blakely* apply to the federal sentencing guidelines that were used to sentence Harris; and (2) if so, does *Blakely* apply retroactively to Harris's sentence?

### A. Is *Blakely* Applicable to the federal sentencing guidelines?

In a recent decision, the Supreme Court expressly held that *Blakely* applies to the federal sentencing guidelines. *See United States v. Booker*, 125 S. Ct. 738 (2005). The Eighth Circuit Court of Appeals acknowledged the Supreme Court's recent decision and it also held that *Blakely* applies to the federal sentencing guidelines. *United States v. Coffey*, __ F.3d __, 2005 WL 119843 at *4, No. 04-2176 (8th Cir. Jan. 21, 2005) ("Whether or not *Blakely* applied to the United States Sentencing Guidelines is no longer an open question: the Supreme Court has now held that it does."). Therefore, because *Blakely* applies to the federal sentencing guidelines, all facts essential to punishment must be proved beyond a reasonable doubt to a jury unless the fact was admitted by the defendant or there has been an effective waiver of the right to trial by jury. Had this rule been in place at the time of Harris's sentencing, a jury, not this judge, would have determined whether Harris had engaged in the underlying relevant conduct that supported the five point enhancement to his sentence. The pertinent question here, however, is whether this rule of *Blakely* should be applied retroactively to Harris's sentence which occurred before the rule in *Blakely* was announced.

### B. Does *Blakely* Apply Retroactively?

3

Because Harris seeks to take advantage of a Supreme Court case decided after his conviction became final, Harris must satisfy the requirements of *Teague v. Lane*, 489 U.S. 288; 109 S. Ct. 1060, 1073 (1989). Harris must first show that *Blakely* announced a new rule. A rule is new if it "was not dictated by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301. This requirement appears to be satisfied because no court of appeals following *Apprendi v. New Jersey*, 530 U.S. 466 (2000), held that guideline enhancements had to be proven beyond a reasonable doubt to a jury. *United States v. Caba*, 241 F.3d 98, 101 (1st Cir. 2001); *United States v. Garcia*, 240 F.3d 180, 184 (2nd Cir. 2001); *United States v. Williams*, 235 F.3d 858, 862 (3rd Cir. 2000); *United States v. Sanders*, 247 F.3d 139, 150 (4th Cir. 2001); *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000); *United States v. Nance,* 236 F.3d 820, 824 (7th Cir. 2000); *United States v. Moss*, 252 F.3d 993, 996 (8th Cir. 2001); *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1026 (9th Cir. 2000); *United States v. Jones*, 235 F.3d 1231, 1236-37 (10th Cir. 2000); *United States v. Nealy*, 232 F.3d 825, 829 (11th Cir. 2000); *United States v. Fields*, 251 F.3d 1041, 1044-45 (D.C. Cir. 2001), *cert. denied*, 124 S. Ct. 423 (2003).

Even though *Blakely* announces a new rule, it will not be applied retroactively unless it is substantive rather than procedural, *Schriro v. Summerlin*, 124 S. Ct. 2519, 2522 (2004), or it is a watershed rule of criminal procedure. *Id.* at 2523. It is clear that *Blakely* is not a substantive rule because neither *Apprendi* nor *Blakely* required a

4

defendant's conviction to be set aside; rather they required that the defendant be resentenced. Hence, in neither case did the Supreme Court alter the elements of the offense of conviction.

The only remaining question is whether *Blakely* established a watershed rule of criminal procedure. A watershed rule is one which establishes a bedrock principle which is required to improve the fact finding process and implicates the fundamental fairness of the trial. *Teague*, 489 U.S. at 312, 109 S. Ct. at 1076.

The Eighth Circuit has already held that *Apprendi* did not establish a watershed rule of criminal procedure. Because *Blakely* is only an extension of the reasoning in *Apprendi*, there is little basis for finding that *Blakely* established a watershed rule of criminal procedure when *Apprendi* did not. Furthermore, in *Schriro v. Summerlin*, 124 S. Ct. 2519 (2004), the Supreme Court refused to apply retroactively *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002), which had held that aggravating sentencing factors in a death penalty case had to be found beyond a reasonable doubt by a jury. Similar to *Blakely*, *Ring* extended the basic principal established in *Apprendi* that juries, not judges, should determine facts which affect sentencing. The holding in *Ring*, however, was not made retroactive in *Schriro* even though it was a case involving death. If extensions of *Apprendi* are not made retroactive in a death case, there is no reasoned basis for finding that the rule in *Blakely* should be applied retroactively in this case.

While increasing the burden of proof from preponderance to beyond a reasonable doubt may significantly improve the accuracy of the fact finding process, having those
5

facts found by a jury rather than a judge does not implicate the fundamental fairness of the trial process. Indeed, juries may make factual findings that result in longer sentences than would a judge and vice versa. Therefore, this Court concludes that *Blakely* is not a watershed rule of criminal procedure and it will not be applied retroactively to Harris's conviction.

The Court's conclusion regarding the retroactivity of *Blakely* is consistent with the developing jurisprudence on this issue. *See Bishop v. United States*, 2004 WL 2516715 (S.D. N.Y. Nov. 8, 2004); *Lilly v. United States*, 342 F. Supp. 2d 532 (W.D. Va. 2004); *United States v. Phillips*, 2004 WL 2414819 (D. Ore. Oct. 26, 2004); *United States v. Falodun*, 2004 WL 2397612 (D. Minn. Oct. 25, 2004); *United States v. Quintero-Araujo*, 343 F. Supp. 2d 935 (D. Idaho 2004); *Carbajal v. United States*, 2004 WL 2283658 (S. D. N.Y. Oct. 8, 2004); *United States v. Dillon*, 339 F. Supp. 2d 1155 (D. Kan. 2004); *United States v. Cino*, 340 F. Supp. 2d 1113 (D. Nev. 2004); *Morris v. United States*, 333 F. Supp. 2d 759 (C.D. Ill. Sept. 1, 2004).

### C. Does *Booker* Apply Retroactively?

Because Harris submitted his pending Motion prior to the Supreme Court's decision in *Booker*, he did not challenge his sentence under that case. However, whether *Booker* retroactively provides Harris with any relief still warrants the Court's consideration and both parties have submitted supplemental briefing on this point.

Although the Eighth Circuit has not considered the issue, the circuits that have are in agreement that it does not apply retroactively in habeas cases. *See Lloyd v. United*

*States*, ___ F.3d ___, 2005 WL 1155220 at *4 (3rd Cir. 2005) ("Every federal court of appeals to have considered [the issue] . . . has held that *Booker* does not apply retroactively to cases on collateral review."); *see also Guzman v. United States*, 404 F.3d 139, 143-33 (2Nd Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Under the same analysis applied in this Order to the *Blakely* decision, this Court concurs and finds that *Booker* does not retroactively apply to cases on habeas review.

### IV. Conclusion

Accordingly, it is hereby

ORDERED that Harris's Motion to Vacate, Set Aside, or Correct Sentence [Doc. # 1] pursuant to 28 U.S.C. § 2255 is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

DATED: May 25, 2005
Jefferson City, Missouri